UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SYED AHMED, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:09-cv-02234-GMN-LRL |
| vs. ) | |
| ) | **ORDER** |
| DEUTSCHE BANK, N.A., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant's Motion for Summary Judgment (ECF No. 13); Plaintiff's Response (ECF No. 14); and Defendant's Reply (ECF No. 22). In light of these filings and the hearing held on July 28, 2011, Defendant's Motion will be GRANTED in part and DENIED in part. The Motion will be DENIED without prejudice as to Plaintiff's breach of contract, RESPA, and FDCPA claims. The Motion will be GRANTED as to all of the other causes of action.

**I.    BACKGROUND**

This is a foreclosure case in which Plaintiff Syed Ahmed, who is represented by an attorney, sued Defendant Deutsche Bank, N.A. on fourteen causes of action: (1) Defendant failed to abide by the HUD requirements; (2) Defendant failed to provide a face-to-face meeting under the federal regulations; (3) Defendant failed to adapt collection and servicing policies according to Plaintiff's individual circumstances; (4) Defendant failed to offer mandatory loss mitigation under federal law; (5) TILA violations; (6) Breach of Contract; (7) RESPA violations; (8) violations of the Fair Debt Collections Practices Act ("FDCPA"); (9) Restitution for money had and received; (10) predecessor-in-interest deceptively concealed that Defendant acquired the mortgages; (11) violations of mandatory notice provisions under

Nevada laws; (12) HOEPA violations; (13) Unconscionability; and (14) Negligence.

In 2004, Plaintiff and Washington Mutual Bank entered into a promissory note and deed of trust secured by Plaintiff's residence. (*See* Ex. B, Mot. for Summ. J., ECF No. 13.)[1] Washington Mutual's beneficial interest in these instruments was later transferred to J.P. Morgan Chase. J.P. Morgan Chase, in turn, transferred its interest to Defendant in January of 2009. (*See* Ex. C, Mot. for Summ. J., ECF No. 13.) Defendant subsequently conducted a Trustee's Sale with regard to Plaintiff's property on May 21, 2009 (*see* Ex. F, Mot. for Summ. J., ECF No. 13), after recording a Notice of Default and Election to Sell on January 30, 2009, (*see* Ex. D, Mot. for Summ. J., ECF No. 13). Plaintiff now seeks damages and to have the Trustee's Sale overturned.

## II. SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication if "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the

---

[1] Plaintiff initially objected to all of the exhibits attached to Defendant's Motion for Summary Judgment, arguing that all of the exhibits are "materially disputed as these exhibits are not authenticated and there is no authentication by any custodian of record. Also, Defendant has not requested any judicial notice for these exhibits." (Resp. 2:9-10, ECF No. 14.) Although it was not required to explicitly request judicial notice, *see* Fed. R. Evid. 201(c), Defendant subsequently requested judicial notice in its Reply and noted that its exhibits should be considered at this stage because they are public records and are central to the allegations of the Complaint. (Reply 3:6-8, ECF No. 22.) At the July 28, 2011 hearing, the Court asked Plaintiff whether, in light of Defendant's Reply, he still had any objections to the exhibits and what his basis for those objections was. Plaintiff did not articulate any objection, nor did he provide any basis for challenging the authenticity of the documents. The Court will therefore consider Exhibits B, C, D, E, and F, all of which are public documents recorded in the Clark County Recorder's office that are capable of authentication via Fed. R. Evid. 901(b)(3) due to their appearance and contents when viewed in conjunction with the circumstances that underlie this case. Furthermore, they are judicially noticeable under Fed. R. Evid. 201 insofar as they are public documents containing facts not subject to reasonable dispute, nor actually disputed by Plaintiff.

nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining whether summary judgment is appropriate, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid

summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III. DISCUSSION

### A. Causes of Action One through Four

In Counts One through Four, Plaintiff asserts various claims under the National Housing Act and the regulations promulgated under that Act. Plaintiff alleges that his mortgage loan is an "FHA-insured loan" and that Defendant must therefore abide by the regulations contained in 24 C.F.R. §§ 203.600-203.606, upon which he bases these four causes of action. (*See* Compl. ¶ 12.)

Certain requirements must be met in order for a mortgage to be eligible for insurance by the Federal Housing Administration ("FHA"). Relevant here, the loan must not exceed the maximum mortgage amount set forth under 24 C.F.R. § 203.18. *See Prince v. U.S. Bancorp.*, No. 2:09-cv-0195-KJD-PAL, 2010 WL 3385396, at *3 (D. Nev. Aug. 25, 2010). In 2004, that amount was $175,085.00 for a single-family home in Clark County. *See* Single Family Loan Production – Increase in FHA Maximum Mortgage limits, *available at* http://portal.hud.gov/hudportal/HUD?src=/program_offices/administration/hudclips/letters/mortgagee/2003ml.

The loan relevant to this case was executed on October 29, 2004 and was for

$1,470,000. (*See* Ex. B, Mot. for Summ J., ECF No. 13.) This is nearly ten times the limit for it to be FHA insured. Therefore, Plaintiff's loan could not have been FHA insured and his claims fail.

Further, there is no private cause of action under the regulations that Plaintiff cites. As the court in *Baker v. Northland Mortgage* Company, 344 F. Supp. 1385 (N.D. Ill. 1972) explained with regard to the same regulatory scheme, "[t]he statute and regulations relied upon deal only with relations between the mortgagee and the government, and give mortgagors no claim to a duty owed nor a remedy." Summary judgment will be granted as to these claims.

### B. Cause of Action Five: TILA Violation

Plaintiff claims that Defendant breached TILA "by failing to disclose its intertwined relationship to Plaintiff." (Compl. ¶ 27.) However, because Plaintiff concedes that Defendant was not the originator of the loan, (*see* Resp. 2:12, ECF No. 14), this claim must fail.

For "closed-end" credit transactions, such as residential mortgage transactions, TILA requires the lender to disclose the creditor's identity, the amount financed, applicable finance charges, annual percentage rates, the total sale price, and other essential information. *See* 12 C.F.R. §226.18. All of these disclosures must be made "before consummation of the transaction." 12 C.F.R. §226.17(b). However, as another Court in this District has noted, "[n]owhere in TILA does it prohibit subsequent purchasers of a loan from failing to disclose an 'intertwined relationship' with a borrower." *Prince*, 2010 WL 3385396, at *4. Here, Defendant--by Plaintiff's own admission--was not the initial lender with which Defendant entered into the deed of trust or promissory note, but, rather, was a subsequent purchaser of the loan. As such, Defendant had no duty under TILA to disclose its "intertwined relationship"; therefore, Plaintiff's TILA claim fails.

Furthermore, Plaintiff's TILA claim is barred by the statute of limitations. TILA imposes a one-year statute of limitations within which a claim for damages "may be brought."

15 U.S.C. § 1640(e). "[A]s a general rule the limitations period starts at the consummation of the transaction." *King v. California,* 784 F.2d 910, 915 (9th Cir. 1986).

Equitable tolling may nonetheless apply in certain circumstances and can operate to suspend the limitations period until the borrower discovers or has reasonable opportunity to discover the fraud or non-disclosure that form the basis of the TILA action. *See King,* 784 F.2d at 914–15. However, such equitable tolling is only appropriate when "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac. Bell,* 202 F.3d 1170, 1178 (9th Cir.2000).  Equitable tolling does not apply when the plaintiff fails to allege facts demonstrating that he could not have discovered the alleged violations by exercising reasonable diligence. *Copeland v. Lehman Bros. Bank,* No. 09cv1774–WQH–RBB, 2011 WL 9503, *6 (S.D. Cal. Jan 3, 2011). Additionally, where the basis of equitable tolling is fraudulent concealment, it must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. *389 Orange Street Partners v. Arnold,* 179 F.3d 656, 662 (9th Cir. 1999).

Here, it is undisputed that Plaintiff's mortgage was executed in 2004; therefore, he had until 2005 to bring a TILA damages claim, absent the application of equitable tolling. Although Plaintiff does contend in his Response that equitable tolling applies to his TILA claim (Resp. 13:18-14:10, ECF No. 14), he provides no evidence in support of this contention.  Thus, summary judgment must be granted as to his TILA damages claim.

To the extent that Plaintiff is bringing a TILA rescission claim, summary judgment must also be entered. The TILA rescission remedy is only available for three years, and the statute of limitations period also begins at the "consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f); *King v. State of California,* 784 F.2d 910, 914 (9th Cir.1986).  This statute of limitations period, unlike the statute of limitations applicable to a TILA damages claim, is an absolute limitation not subject to equitable tolling.

*Birk v. Gateway Funding Corp.,* No. CIV S–10–1039–MCE–CMK, 2011 WL 590865, at * 5 (E.D.Cal. Feb. 10, 2011); *see Miguel v. Country Funding Corp.,* 309 F.3d 1161, 1164 (9th Cir. 2002). Therefore, Plaintiff's rescission claim is also time barred. The TILA rescission claim should have been brought by 2007, not in 2009.

### C.   Causes of Action Six, Seven and Eight

Plaintiff's Complaint does not allege any facts with regard to Defendant in its causes of action for breach of contract; violations of RESPA; or violations of the FDCPA. Instead, all three of those causes of action allege wrongdoing on the part of "predecessor-in-interest WAMU." Defendant therefore seeks summary judgment as to these counts because "there are no facts alleged against Defendant to support these claims for relief." (Mot. for Summ. J. 10:14-15, ECF No. 13.) In its Response, however, Plaintiff points out that Defendant admitted in its Answer that Defendant is Washington Mutual's "successor in interest" and clarifies that those causes of action are meant to apply to Defendant as the successor in interest to Washington Mutual. (*See* Resp. 14:13-16, ECF No. 14.) In its Reply, Defendant does not argue that, as a matter of law, breach of contract, RESPA, or FDCPA claims generally cannot be brought against a loan originator's successor in interest. Instead, Defendant only argues that, in this particular case, "any liabilities as it [sic] relates to the origination of WAMU loans remains with the FDIC." (Reply 7:2-3, ECF No. 22.)

If Washington Mutual was still the owner of Plaintiff's loan when the FDIC was appointed Receiver for Washington Mutual on September 25, 2008, then Defendant is correct that Defendant could not be held liable for any wrongdoing associated with the origination of the loan. *See Gusenkov v. Washington Mut. Bank, FA*, No. C. 09-04747 SI, 2010 WL 2612349, at *2 (N.D. Cal. June 24, 2010); *see also Benito v. Indymac Mortgage Services*, No. 2:09-cv-01218-PMP-PAL, 2010 WL 2130648, at *4 (D. Nev. May 21, 2010). However, Defendant has failed to provide any evidence that Washington Mutual still owned the loan at the time the

FDIC was appointed Receiver. Defendant even admitted to this failure at the July 28, 2011 hearing, but urged the Court to nonetheless grant summary judgment with regard to these claims. The Court cannot do so, however, as a question of material fact still remains as to whether Washington Mutual owned the note at the time the FDIC was appointed Receiver for the bank.

The Motion for Summary Judgment will therefore be denied without prejudice as to Plaintiff's breach of contract, RESPA, and FDCPA claims. Defendant's only argument in favor of summary judgment as to these claims is premised on the notion that the FDIC was appointed Receiver for Washington Mutual when Washington Mutual still owned Plaintiff's loan, but, yet, Defendant has failed to provide any evidence showing that that was actually the case.

### D. Cause of Action Nine: Restitution for Money Had and Received

Plaintiff alleges that "Possessor-in-interest WAMU has been unjustly enriched and cannot in good conscience keep that portion of the monthly payments it collects from Plaintiff which is attributable to the artificial, inflated component of Plaintiff's loan contract," (Compl. ¶ 46), and that "Successor-in-interest [Defendant] should return this money to Plaintiff." (Compl. ¶ 47.) However, a claim for unjust enrichment cannot stand when, as here, there are express, written contracts--such as the deed of trust and promissory note--that govern the relationships between the parties. *See Leasepartners Corp. v. Robert L. Brooks Trust,* 942 P.2d 182, 187 (Nev. 1997). Plaintiff entered into an express contract with Washington Mutual to pay certain amounts of money per month. It cannot now try to recoup the money it paid to Washington Mutual pursuant to the contract via an unjust enrichment cause of action. Therefore, this claim fails.

### E. Cause of Action Ten: Deceptive Concealment

As a Court in this District has already explained, no cause of action exists for deceptive

concealment under Nevada or Federal law, *see Prince*, 2010 WL 3385396, at *7; therefore, Plaintiff cannot prevail on this claim.

To the extent that Plaintiff may be attempting to plead a claim for fraudulent concealment, the claim still fails, as he has failed to plead with particularity or produce evidence to show that:

> (1) [T]he defendant concealed or suppressed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; that is, the defendant concealed or suppressed the fact for the purpose of inducing the plaintiff to act differently than she would have if she had known the fact; (4) the plaintiff was unaware of the fact and would have acted differently if she had known of the concealed or suppressed fact; (5) and, as a result of the concealment or suppression of the fact, the plaintiff sustained damages.

*Hall v. MortgageIt, Inc.*, 2:09-cv-02233-JCM-GWF, 2011 WL 2651870, at * 2 (D. Nev. July 06, 2011). Notably, Plaintiff failed to plead or produce evidence that Washington Mutual--the entity relevant to this cause of action--engaged in the alleged concealment with the intent to defraud Plaintiff or that Plaintiff would have acted differently if he had known of the allegedly concealed facts.

### F.  Cause of Action Eleven: Notice Provisions under Nevada Law

Plaintiff claims that the foreclosure sale should be set aside because Defendant did not provide him with proper notice of the Trustee's Sale pursuant to Nev. Rev. Stat. § 107.080, *et seq*. Although Plaintiff does not plead exactly which forms of notice were improper or omitted, he quotes several statutes in full in his Response to the Motion for Summary Judgment and concludes "No such requirements were met by Defendant in their notice of sale." (Resp. 11:1, ECF No. 14.) However, Plaintiff's own claim fails because he did not abide by Nev. Rev. Stat. § 107.080.

As Defendant explains in its Motion for Summary Judgment and Plaintiff fails to rebut, Nev. Rev. Stat. § 107.080(5) provides that a Trustee's Sale may be declared void by a court only if: (1) the trustee or other entity does not substantially comply with the provisions of that section or any applicable provision of Nev. Rev. Stat. §§ 107.086 or 107.087; (2) a lawsuit is commenced by the affected party within 90 days of the date of the sale; *and* (3) "[a] notice of lis pendens providing notice of the pendency of the action is recorded in the office of the county recorder of the county where the sale took place within 30 days after commencement of the action." Defendant explains in its Motion that Plaintiff has entirely failed to record a notice of lis pendens with regard to this lawsuit, let alone file it within thirty days of August 13, 2009, the date on which this lawsuit was commenced.

Plaintiff does not address this point anywhere in his Response, nor does he produce evidence raising a question of material fact as to whether he actually filed such a notice of lis pendens. Because a Trustee's Sale may not be declared void under Nev. Rev. Stat. § 107.080 unless a notice of lis pendens is recorded and because Plaintiff has not demonstrated that there is a question of material fact as to whether it recorded a lis pendens, summary judgment will be granted as to this claim. Furthermore, as Defendant accurately points out in its Motion for Summary Judgment, Plaintiff has provided little more than "gossamer threads of whimsy speculation and conjecture" to support this claim. (*See* Mot. for Summ. J. 7:17-22, ECF No. 13.) Nowhere does Plaintiff provide any evidence that the notice was actually deficient, nor does he plead facts or supply evidence to support his allegation that Nev. Rev. Stat. § 107.085-- which applies only to trust agreements subject to section 152 of HOEPA--is applicable in this case.

**G.    Cause of Action Twelve: HOEPA Violations**

It is not clear what cause of action this section of Plaintiff's Complaint is alleging. In one paragraph, Plaintiff seems to be alleging a violation of Nev. Rev. Stat. § 107.085's 60-day

notice requirement. (*See* Compl. ¶ 58.)  In the other, Plaintiff seems to be alleging a violation of Nevada's Unfair Lending Practices statute. (*See* Compl. ¶ 58.)  However, in Plaintiff's Response to the Motion for Summary Judgment, he indicates that he is pursuing neither of those tacks.  Rather, according to Plaintiff, this cause of action is alleging violations of HOEPA's disclosure requirements. (*See* Resp. 20:25-22:18, ECF No. 14.)  However, this HOEPA claim is barred by the statute of limitations.

HOEPA is an amendment to TILA and is therefore governed by the same statute of limitations. *Von Brincken v. Mortgageclose.com, Inc.*, 2011 WL 2621010, at * 2 (E.D. Cal. June 30, 2011).  For the reasons that Plaintiff's TILA claims are time barred, so too are his HOEPA claims.

**H.     Cause of Action Thirteen: Unconscionability**

In Nevada, unconscionability is not a cause of action, but a defense to a breach of contract claim. *Villa v. First Guaranty Financial Corp.*, No. 2:09-cv-02161-GMN-RJJ, 2010 WL 2953954, at *5 (D. Nev. July 23, 2010).  As such, it fails.

Furthermore, even if the Court were to liberally construe this cause of action as a request for declaratory judgment that the promissory note is unconscionable, Plaintiff has pleaded absolutely no facts nor provided any evidence indicating that the note was procedurally and substantively unconscionable--both of which generally need to be present for a contract to be unenforceable under Nevada law, *see Guerra v. Hertz Corp.*, 504 F. Supp. 2d 1014, 1021 (D. Nev. 2007).  Instead, Plaintiff simply pleads that "NRS 104.2302 requires the court to analyze the circumstances under which the contract was made. If the court finds that the clause or contract was unconscionable at the time it was made, the court may refuse to enforce the clause or contract." (Compl. ¶ 62.)  However, Plaintiff fails to provide evidence of any of these circumstances.  Because Plaintiff has failed to plead facts or produce evidence in support of this claim, summary judgment will be granted.

### I. Cause of Action Fourteen: Negligence

In support of this cause of action, Plaintiff simply pleads "Plaintiff owed a duty of care to Defendant"; "Defendant breached that duty"; and "Plaintiff suffered damages." (Compl. ¶¶ 64-66.) Not only do these allegations fail to set forth sufficient facts to state a valid claim, this cause of action fails because lenders do not normally owe a fiduciary duty to borrowers, *see Reyna v. Wells Fargo Bank*, No. 2:10-cv-01730-KJD-RJJ, 2011 WL 2690087, at *6 (D. Nev. July 11, 2011). A lender owes a borrower a fiduciary duty only in "exceptional circumstances" where there is a special relationship between the lender and the borrower. *Id.* However, Plaintiff has pleaded no such exceptional circumstances, nor has he provided any evidence supporting a fiduciary or any other duty between Defendant and Plaintiff. Thus, this claim also fails.

### CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 13) is **GRANTED in part** and **DENIED in part**. The Motion is **DENIED without prejudice as to Plaintiff's breach of contract, RESPA, and FDCPA claims**. The Motion is **GRANTED as to all of the other claims**.

DATED this 4th day of August, 2011.

_____
Gloria M. Navarro
United States District Judge